```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


REXAM, INC.,                          )
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )    No. 4:05CV1830-DJS
                                      )
DONALD MUELLER, RITA ESTEP,           )
RUDOLF KEMBITZY, JACOB KONRAD,        )
JOSEPH CENDEKOWITS,                   )
MARIE FILIPOVIC, RAYMOND VALLI,       )
DAVID HAFFNER, and CLYDE HAGY,        )
Individually, and as                  )
Representatives of Persons            )
Similarly Situated,                   )
                                      )
          Defendants.                 )
```

## ORDER

Defendants are retired machinists and former employees of plaintiff's subsidiary Rexam Beverage Can Company. Plaintiff administers welfare benefits (retiree health insurance, life insurance, and related benefits) to defendants pursuant to ERISA Welfare Benefit Plans ("Welfare Plans") negotiated by plaintiff and defendants' union, the International Association of Machinists ("IAM"). Plaintiff has changed the plans in the past, most recently in January 2002, and announced in September 2005 its intention to terminate certain welfare benefits for Medicare recipients starting January 1, 2006. In particular, plaintiff plans to terminate all prescription drug coverage to be replaced by the new Medicare Part D drug coverage and discontinue paying for

Medicare Part A deductibles and Medicare Part B coverage premiums. (Compl. [Doc. #1] at 7-8.) Plaintiff filed this declaratory judgment action seeking a judgment pursuant to ERISA and the Welfare Plans that plaintiff has the right to amend, modify, or terminate the plans, and to enforce the Welfare Plans as effective in January 2002 and as announced to be effective in January 2006.

Now before the Court is plaintiff's motion for temporary restraining order to enjoin a parallel proceeding filed in the Northern District of California by certain defendants [Doc. #19]. Plaintiff seeks "an order enjoining Defendants and all those acting in concert with Defendants, including the IAM and Berenice Angitti, Daniel Borrero, Ralph E. Cowley, Jack Griffith, Kent D. Rulless, Sr., and Bernard W. Schreiner, from proceeding with their subsequently-filed, identical action in the Northern District of California." (Mot. for T.R.O. [Doc. #19] at 1.) Plaintiff also moves for "an order enjoining Defendants and all those acting in concert with Defendants from proceeding with any future action against Rexam or its agents while this case is pending." (Mot. for T.R.O. [Doc. #19] at 1.)

A hearing on plaintiff's motion for temporary restraining order was held on December 28, 2005, with both counsel present. Upon thorough consideration of both parties' memoranda and oral arguments, this Court finds that compelling circumstances exist

2

which warrant the denial of plaintiff's motion for temporary restraining order.

## Background

**A.   Minnesota Action**

Plaintiff initially filed virtually the same suit against the IAM and a member of the proposed machinist class on December 11, 2003, in the United States District Court for the District of Minnesota.  The Minnesota court denied plaintiff's request to certify a class of machinists, but instead found that four subclasses of machinists met the numerosity, commonality, and typicality requirements of Rule 23(a); namely (1) "IAM Pre-583 Plan Subclass," (2) "IAM 583 Plan Subclass," (3)"Washington & Gary Plants Subclass," and (4) "San Leandro & Modesto Plants Subclass." Rexam v. United Steelworkers of Am., No. 03-2998, 2005 WL 1260914, at *3 (D. Minn. May 25, 2005).  However, on May 25, 2005, the Minnesota court refused to certify any of the subclasses because the one named machinist defendant was not an adequate class representative for any of the subclasses.  Id. at *9.

**B.   Missouri Actions**

On May 27, 2005, two days after the Minnesota court denied class certification, plaintiff filed suit in this Court (Case No. 4:05CV868-DJS).  On October 7, 2005, this Court dismissed plaintiff's case without prejudice because plaintiff's complaint sought an advisory opinion.  Four days later, on October 11, 2005,

3

plaintiff filed the complaint at issue which addresses plaintiff's recently announced changes to the Welfare Plans.

**C.   California Action**

Two months after this complaint was filed, on December 20, 2005, defendants Donald Mueller and Raymond Valli along with six other machinist retirees filed a class action against plaintiff in the United States District Court for the Northern District of California for breach of labor contracts and breach of ERISA welfare plans. The California retiree plaintiffs moved for a temporary restraining order and preliminary injunction to restrain Rexam from changing the welfare benefits it provides to California plaintiff retirees. Rexam in turn moved for the California court to stay proceedings in the California case.

### Discussion

"Injunctions of the sort at issue here, *i.e.*, orders enjoining a party from proceeding with a duplicative, second-filed lawsuit in another forum, are not subject to the *Dataphase* standards for injunctive relief." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004 (8th Cir. 1993) (affirming the grant of a motion to enjoin parallel proceedings in a second-filed court). "The Eighth Circuit has specifically avoided fashioning a rigid or inflexible rule for determining the priority of cases pending in federal courts involving identical claims or subject matter." Koch Eng'g Co. v. Monsanto Co., 621 F.

4

Supp. 1204, 1207 (E.D. Mo. 1985) (citations omitted) (granting motion to dismiss and denying motion to enjoin the second-filed case). "In cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." Northwest, 989 F.2d at 1005 (citations omitted). However, courts should consider each case individually. Koch, 621 F. Supp. at 1207.

The first-filed rule is applied "when a complaint involving the same parties and issues has already been filed in another district." Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985) (dismissing the first-filed case because the second-filed case had proceeded further and did not have personal jurisdiction issues). "The prevailing standard is that in the absence of compelling circumstances the first-filed rule should apply." Northwest, 989 F.2d at 1005 (citations omitted). Courts may also consider the "duplicative efforts and costs and . . . inconvenience to the parties, together with the waste of judicial resources inherent in parallel litigation." Id. at 1207.

Upon thorough review of plaintiff's motion, this Court finds that the same parties and issues are before both this Court and the California court, so the first filed rule applies absent compelling circumstances. However, this Court finds that plaintiff has in effect "raced to the courthouse" by ensuring that it had a

suit pending before a court in the Eighth Circuit to prevent suit by defendants in another jurisdiction when plaintiff announced its plan to terminate welfare benefits in January 2006. Thus, compelling circumstances exist which warrant the Court's denial of plaintiff's motion for temporary restraining order.

**A.   Same Parties and Issues Are Before Both Courts**

Defendants assert that the named defendants in this case do not represent all four categories of machinist subclasses as discussed by the Minnesota court. Particularly, defendants assert that they are not members of either the "Washington & Gary Plants Subclass" or the "San Leandro & Modesto Plants Subclass," and thus different issues and parties are before this Court and the California court.

Neither this Court nor the California court has certified a class or multiple subclasses of retirees. Thus far, defendants have not even pled in response to plaintiff's complaint in this case. Any injunction with respect to this motion would be limited to defendants and those acting in concert with them. Furthermore, the requirement that the cases involve the same parties and issues is met as both plaintiff and defendants Mueller and Valli are parties to the case at hand and the California case and both cases concern the ability of plaintiff to amend defendants' ERISA benefits. The same parties and issues requirement does not dictate that no other claims by non-parties to the first-filed case be

6

before the second-filed court. Otherwise, plaintiffs in second-filed actions would always seek out co-plaintiffs or defendants not involved in the first-filed action to avoid an injunction. Thus, this Court finds that the first-filed rule should apply absent compelling circumstances.

**B. Compelling Circumstances Exist Therefore First-Filed Rule Does Not Apply**

In <u>Northwest</u>, American had sent a letter to Northwest informing it of the possibility of litigation six weeks before Northwest filed its declaratory judgment action. <u>Northwest</u>, 989 F.2d at 1003. Northwest's "race to the courthouse" after it was on notice that American was considering filing suit sent up a red flag for the Eighth Circuit. <u>Id.</u> at 1007. However, the Eighth Circuit found that compelling circumstances did not exist because Northwest did not race to the courthouse for the improper purpose of preempting suit by American in another jurisdiction. <u>See</u> <u>id.</u>

That same red flag is unfurled in the instant case, as plaintiff was at least constructively on notice that defendants were contemplating filing suit when plaintiff filed for declaratory judgment in this action. In the first Missouri action, Case No. 4:05CV868-DJS, plaintiff noted in response to defendants' motion to dismiss that "Defendants contend that Rexam has 'an amorphous fear of litigation' regarding retiree welfare modifications comparing Rexam's concern of litigation from members of the defendant class to 'mere conjecture.' History proves that Rexam's concern is

7

anything but conjecture." (Resp. to Mot. to Dismiss [Doc. #29] at 13, Case No. 4:05CV868-DJS.)  Plaintiff was on notice that defendants were considering litigation even before the September 2005 announcement.  Even if plaintiff was not, it was certainly constructively aware that litigation would be imminent after it announced the planned termination of a large portion of defendants' welfare benefits in September 2005.

Plaintiff ensured that a lawsuit was pending in the Eighth Circuit to avoid going before the Ninth Circuit or another jurisdiction and raced back to the courthouse each time its case was effectively dismissed.  In its filings with the Court, plaintiff stated that "the California Plaintiffs and their attorneys' sole purpose in filing the California Action was to circumvent the purview of this Court and seek a forum that best suits their case."  (Pl.'s Memo. in Support of Mot. for T.R.O. [Doc. #19.1] at 11.)  If Ninth Circuit law is more favorable to defendants than Eighth Circuit law, then certainly Eighth Circuit law is more favorable to plaintiff.  To avoid harmful precedent, plaintiff raced to the courthouse to refile within a matter of days both when the Minnesota court denied plaintiff's motion for class certification and when this Court granted defendants' motion to dismiss.

The Court finds that compelling circumstances exist given the above sequence of events, plaintiff's constructive notice of

8

imminent litigation, and plaintiff's awareness of harmful precedent in the Ninth Circuit.  The Court is not persuaded that a temporary restraining order is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order and to enjoin parallel proceeding filed in the Northern District of California by certain defendants [Doc. #19] is denied.


Dated this   29th   day of December, 2005.


                                             /s/Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE